**SO ORDERED.**

**SIGNED June 29, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

GREGORY JOSEPH SPICER  CASE NO. 05-20067

    Debtor  CHAPTER 7

------------------------------------------------------------

CHARLOTTE MARIE SPICER,

    Plaintiff

VERSUS  ADV. CASE NO. 05-2022

GREGORY JOSEPH SPICER,

    Defendant

------------------------------------------------------------
### REASONS FOR DECISION
------------------------------------------------------------

Gregory Joseph Spicer ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code[1] on January 21,

---

[1] Title 11, United States Code. References to the Bankruptcy Code are shown herein as "section ____."

2005, and on that day an order for relief was duly entered. Charlotte Spicer, Debtor's former spouse, has filed a Complaint to Determine Dischargeability of Debt. A trial on this matter was held on March 23, 2006. After receiving evidence, the matter was taken under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

Debtor and Plaintiff were married on January 8, 1983, and divorced by judgment entered June 17, 2003. The parties stipulated that the judgment of divorce terminated the community property regime retroactive to the date the petition for divorce was filed, namely, February 4, 2003. The parties further stipulated that no action for the partition of the former community property has ever been instituted.

Page 2

Sometime after the divorce, but prior to the filing of the bankruptcy, the Debtor liquidated an individual retirement account held at Edward Jones in the amount of $33,712.59. After withholding federal and state income tax and an overnight delivery charge, the Debtor received a distribution check in the amount of $25,952.54. The Debtor admitted using approximately $15,000 of this money to satisfy a past due child support and alimony judgment rendered against him in favor of Plaintiff. The remainder of the funds were spent by the Debtor.

## LAW AND ANALYSIS

Plaintiff alleges that the debt in the amount of $16,856.30 (one half of the funds withdrawn from the IRA) be found to be non-dischargeable pursuant to section 523(a)(4), which provides that a discharge does not discharge a debtor from any debt--

> for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny:

This court has previously addressed the issue of whether there is a fiduciary duty between former spouses under similar circumstances. In the case of Green v. Green[2], the court stated as follows:

> In Matter of Bennett, 989 F.2d 779 (5th Cir. 1993), the court examined the nature of this portion of section

---

[2] Shirley Green v. Elmo Green, Adversary Proceeding Number 04-2036 (In re Green, Case Number 04-20625).

Page 3

523(a)(4):

> The seminal case in this Circuit interpreting the discharge provision at issue is *Angelle v. Reed* (In re Angelle), 610 F.2d 1335 (5th Cir.1980). [Footnote omitted.] . . . We held that the concept of fiduciary under 11 U.S.C. § 523(a)(4) is narrowly defined, applying only to technical or express trusts, and not those which the law implies from the contract. [Citations omitted.] In addition, the requisite trust relationship must exist prior to the act creating the debt and without reference to that act. [Citation omitted.] In other words, the trust giving rise to the fiduciary relationship must be imposed prior to any wrongdoing. The debtor must have been a trustee before the wrong and without any reference to it. [Citation omitted.] Thus, a constructive trust is not sufficient to create a fiduciary relationship for purposes of the discharge provisions of the Bankruptcy Act. [Citations omitted.]

989 F.2d at 784.

The Sixth Circuit Court of Appeals in <u>In re McCaffery</u>, 96 F.3d 192 (6th Cir. 1996), found that a property settlement involving a pension plan created a constructive trust. Under Louisiana law and jurisprudence, a fiduciary relationship exists between former spouses until the community regime has been divided and an accounting between the former spouses has been completed.³

In <u>Friend v. Provenza</u>, 316 BR 177, 217 (Bankr. E.D. La. 2003), after an exhaustive review of applicable law and jurisprudence, the court concluded that—

---

³Louisiana Civil Code Articles 2354, 2369 and 2809; Louisiana Revised Statutes 12:91; see also <u>Queenan v. Queenan</u>, 492 So.2d 902 (La. App. 3rd Cir. 1986) and <u>Hodson v. Hodson</u>, 292 So.2d 831 (La. Appeal 1974).

Page 4

> The provisions of Article 2369.3 [of the Louisiana Civil Code], coupled with Louisiana state court jurisprudence, establish the creation of both a trust and fiduciary relationship, arising at the time that the marriage is dissolved and the community is terminated. This relationship exists regardless of any wrongdoing and without reference to a specific act creating any debt.

Based upon the sound reasoning of this well-written decision, the court concludes that upon the dissolution of their marriage in November 1999, which terminated the community on July 13, 1999, a fiduciary relationship existed between Plaintiff and the Debtor with regard to property owned by the former community, which included entitlement to military retirement benefits.

In the case of *In re Felt*, 255 F.3d 220, 226 (5th Cir. 2001), the Fifth Circuit made the following observation regarding "defalcation":

> The central issue in this case boils down to whether Felt's breaches constitute defalcation for purposes of § 523(a)(4), in which case, the debt at issue would be non-dischargeable in bankruptcy. The defalcation determination turns on the issue of whether Felt's breaches were "willful." *See Moreno v. Ashworth*, 892 F.2d 417, 421 (5th Cir.1990) (stating that "defalcation is a willful neglect of duty, even if not accompanied by fraud or embezzlement"); *see also Schwager v. Fallas*, 121 F.3d 177, 184, 185 (5th Cir.1997). This Court has described the "willful neglect" of fiduciary duty as "essentially a recklessness standard." *Schwager*, 121 F.3d at 185. Thus, willfulness is measured objectively by reference to what a reasonable person in the debtor's position knew or reasonably should have known. *See Roy v. Gravel*, 143 B.R. 825, 828 (W.D. La.1992), aff'd, 983 F.2d 1062 (5th Cir.1993). The objective standard charges the debtor with knowledge of the law without regard to an

Page 5

> analysis of his actual intent or motive. *Id.* at 828.
>
> The divorce judgment in November 1999 recognized that Plaintiff had an interest in the Debtor's military retirement benefits. While the exact amount of that entitlement was not recognized until 2004, a reasonable person in the Debtor's position knew or should have known that his former spouse was entitled to a portion of his retirement pay. Notwithstanding this knowledge, the Debtor received funds in which Plaintiff had an interest and he failed to either preserve or turnover to her any portion of those benefits. The court finds that the Debtor's conduct satisfies the "defalcation" requirement of section 523(a)(4). This defalcation which acting in a fiduciary capacity therefore renders his debt to Plaintiff nondischargeable.

The court cannot think of any reason why the outcome in the present case should be any different from that in <u>Green</u>. The facts in the instant case are even stronger as the Debtor is an attorney who well knew that his former spouse had an interest in the IRA.

The Plaintiff has also alleged that there were certain IRA funds in different accounts which were unaccounted for. The Debtor testified that all IRA funds had been consolidated into the Edward Jones account. The court concludes that Plaintiff has not produced sufficient evidence to establish that the Debtor misappropriated funds from other accounts. To the extent that there are or were funds in those accounts at the time the community was terminated, those issues can be raised in the state court lawsuit.

The Debtor argues that Plaintiff is only entitled to one-half of the funds after taxes. However, the fact is that if the Debtor

Page 6

had not withdrawn the funds and had permitted the Plaintiff to rollover her portion into a qualified account, no taxes would have been due. His actions prevented her from taking this tax advantage and she should not be penalized for it. See Gibson v. Gibson, 692 So.2d 708, 710 (La. App. 3rd Cir. 1997).

The Debtor also argues that the court should not grant a judgment in favor of Plaintiff for a certain sum but should only make a non-dischareability finding as to any such debt which the state court may eventually determine after balancing out the assets and liabilities of the parties. The court disagrees. The Plaintiff has asserted a cause of action for damages as to the Debtor's withdrawal of funds from the IRA. She is entitled to a judgment in her favor as to that action.

The court finds that Plaintiff is entitled to a judgment against the Debtor in the amount of $16,856.30, with such debt being declared non-dischargeable pursuant to section 523(a)(4). Counsel for Plaintiff shall submit a judgment in conformity with the foregoing reasons within 20 days.

###